**FILED**
**Mar 04, 2022**
**02:16 PM(ET)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



### TENNESSEE BUREAU OF WORKERS' COMPENSATION
### IN THE COURT OF WORKERS' COMPENSATION CLAIMS
### AT CHATTANOOGA

| | | |
|---|---|---|
| **Lawrence Mitchell,** | ) | **Docket No. 2018-01-0859** |
| **Employee,** | ) | |
| **v.** | ) | |
| **Waupaca Foundry, Inc.,** | ) | **State File No. 62070-2018** |
| **Employer,** | ) | |
| **And** | ) | |
| **Sentry Casualty Company,** | ) | **Judge Audrey Headrick** |
| **Carrier.** | ) | |

---

### COMPENSATION ORDER GRANTING SUMMARY JUDGMENT

---

The Court heard Waupaca's Motion for Summary Judgment on February 28, 2022. Waupaca argued there is no genuine issue of material fact that Mr. Mitchell is entitled to an award of $8,125.59 in permanent partial disability benefits and he is entitled to future medical benefits. For the reasons below, the Court agrees and grants the motion.

### History

Waupaca filed a Statement of Undisputed Facts in compliance with Tennessee Rules of Civil Procedure 56.03. The Court summarizes them as follows.

Mr. Mitchell reported right-sided neck pain on August 10, 2018, and Waupaca provided authorized treatment with Dr. David Hauge. After diagnostic testing, Dr. Hauge diagnosed cervical myofascial pain. Dr. Hauge stated Mr. Mitchell was not a surgical candidate due to the lack of acute findings on his cervical MRI, instead finding only degenerative conditions.

Waupaca authorized a second opinion with Dr. Patrick Bolt, who diagnosed Mr. Mitchell with a cervical strain and myofascial pain in the right trapezius. He also identified the C6-7 cervical spondylosis and foraminal stenosis as degenerative

1

in nature and unrelated to Mr. Mitchell's employment. Likewise, Dr. Bolt stated Mr. Mitchell's carpal tunnel syndrome was not work-related.

Dr. Hauge completed a C-32 form, in which he agreed with Dr. Bolt. Dr. Hauge placed Mr. Mitchell at maximum medical improvement on December 10, 2019, and assessed a five-percent impairment rating. He also assigned restrictions in the medium work category based on a Functional Capacity Evaluation.

Mr. Mitchell additionally received authorized treatment from Dr. Barry Vaughn for right-shoulder symptoms. Dr. Vaughn said his complaints were caused by chronic conditions that were neither caused by, aggravated or advanced by Mr. Mitchell's employment.

Mr. Mitchell's compensation rate is $590.23, and he returned to work for Waupaca earning his pre-injury hourly rate of pay.[1] Waupaca overpaid Mr. Mitchell $5,154.59 in temporary total disability benefits based on an incorrect average weekly wage, entitling it to a credit for the overpayment.

Waupaca argued those facts showed that Mr. Mitchell is entitled to permanent partial disability benefits equal to the five-percent rating, or $8,125.59, after applying a credit of $5,154.59, and to open future medical benefits.

Mr. Mitchell did not file a response in compliance with Rule 56.03 but instead filed an email response with unsworn supporting documentation.

## Law and Analysis

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04 (2021).

As the moving party, Waupaca must do one of two things to prevail on its motion: (1) submit affirmative evidence that negates an essential element of Mr. Mitchell's claim, or (2) demonstrate that Mr. Mitchell's evidence is insufficient to establish an essential element of his claim. Tenn. Code Ann. § 20-16-101 (2021); *see also Rye v. Women's Care Ctr. of Memphis*, *MPLLC,* 477 S.W.3d 235, 264 (Tenn. 2015). If Waupaca does either or both, Mr. Mitchell must respond by producing specific facts showing a genuine issue for trial. *Id.*; Tenn. R. Civ. P. 56.06.

---

[1] The initial benefit period expired on May 16, 2020 (450 weeks x 5% = 22.5 weeks). Tenn. Code Ann. § 50-6-207(3)(B).

Here, the Court finds Waupaca met its burden by demonstrating that Mr. Mitchell's evidence is insufficient to establish he is entitled to any award greater than permanent partial disability benefits of $8,125.59 after applying a credit for $5,154.59, under Tennessee Code Annotated section 50-6-207(3)(A) and (B).

Mr. Mitchell did not point to any specific facts that would allow for a greater award. He may not rest on the mere allegations of an email but instead must "set forth specific facts showing that there is a genuine issue for trial." Tenn. R. Civ. P. 56.06. Therefore, the Court holds Waupaca is entitled to summary judgment.

The Court is aware that Tennessee Code Annotated section 50-6-240 requires parties to present proposed settlements to the judge for consideration of whether an employee is receiving substantially the benefits he is entitled to under the law. However, Rule 56.01 permits a party to seek summary judgment "at any time" if it occurs more than thirty days after the filing of the action. Here, summary judgment is appropriate, since Waupaca filed a Statement of Undisputed Facts compliant with Rule 56.03. Further, the Court does find that in this case Mr. Mitchell is receiving substantially the benefits to which he is entitled.

**IT IS, THEREFORE, ORDERED AS FOLLOWS:**

1. Waupaca shall pay Mr. Mitchell permanent partial disability benefits equal to a five-percent permanent partial disability, or $13,280.18. After a credit of $5,154.59 for overpayment of temporary total disability, this amount equals $8,125.59.

2. Mr. Mitchell shall receive lifetime future medical benefits under Tennessee Code Annotated section 50-6-204(a)(1)(A).

3. Unless appealed, this order shall become final in thirty days.

4. The Court assesses the $150.00 filing fee against Waupaca under Tennessee Compilation Rules and Regulations 0800-02-21-.06, for which execution may issue as necessary.

5. Waupaca must pay the filing fee to the Clerk within five business days of the order becoming final.

6. Waupaca shall file form SD-2 with the Clerk within ten business days of this order becoming final.

**It is ORDERED.**

**ENTERED March 4, 2022.**

*Audrey Headrick*
_____
**Audrey A. Headrick**
**Workers' Compensation Judge**

## CERTIFICATE OF SERVICE

I certify that a copy of the Order was sent as indicated on March 4, 2022.

| Name | U.S. Mail | Email | Service sent to: |
|---|---|---|---|
| Mitchell Lawrence, Employee | X | X | Mitchell.lawrence3497@yahoo.com 308 North GA Avenue Etowah, TN 37331 |
| Catheryne Grant, Taylor Pruitt, Employer's Attorneys | | X | catherynelgrant@feeneymurray.com trp@feeneymurray.com jessica@feeneymurray.com |

/s/Penny Shrum          w/permission JD
_____
Penny Shrum, Court Clerk
WC.CourtClerk@tn.gov